IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CONLY M. HOBSON, *et. al*,<br><br>　　　　　　Defendants. | Case No. 07-CV-282-EJL<br><br>REPORT AND RECOMMENDATION |

**REPORT**

Currently pending before the Court are Defendants' Objection to Complaint for Lack of Ratification of Commencement and Petition to Dismiss Pursuant to FRCP Rule 17(a), Real Party in Interest, With Affidavit in Support (Docket No. 45); Defendants' Verified Notice of Non Response and Motion to Dismiss for Failure to Ratify (Docket No. 48); and Defendants' Motion to Dismiss for Failure to Respond and Affidavit in Support (Docket No. 54). Having reviewed the briefing submitted by the parties as well as the record,[1] the Court recommends that the Defendants' Objection to Complaint for Lack of Ratification (Docket No. 45), Defendants' Verified Notice of Non Response (Docket No. 48), and Defendants' Motion to Dismiss (Docket No. 54) be DENIED.

**I. Background**

On June 26, 2007, Plaintiff, the United States of America, filed a complaint against Defendants Conly M. Hobson, D. George Hobson, David G. Hobson, Jeffry M. Hobson, and

---

[1] Pursuant to Dist. Idaho Loc. Civ. R. 7.1, the Court finds this motion suitable for disposition without oral argument.

Norman C. Hobson, personally and in their capacities as trustees for the Hobson Children's Trust; The Hobson Children's Trust; and Property located at 406 Main Street, Caldwell, Idaho ("Defendants").  The lawsuit was filed pursuant to Section 107 of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607.  Plaintiff seeks recovery of costs incurred in responding to the release of hazardous substances at a site known as Franke's Laundromat Site located in Caldwell, Idaho.   The Court will address each of Defendants' pleadings in turn.

## II. Discussion

### A.  Defendants' Objection to Complaint for Lack of Ratification

Defendants bring their Objection to Complaint for Lack of Ratification (Docket No. 45) under Fed. R. Civ. P. 17(a)(1) claiming that the United States of America is not the real party in interest because "it is no more than a corporate entity cloaked with the alleged power and righteousness of executive order as well as the power of force." [2]  The Court finds Defendants argument meritless.

Under Fed. R. Civ. P. 17, "an action must be prosecuted in the name of the real party in interest."  The real party in interest is the person or entity who, according to the substantive law governing the action, is entitled to the substantive right of relief.  6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, 1543, 1544 (2d ed. 2009).

---

[2] As Plaintiff correctly noted, the federal rules do not delineate the proper "procedure for rasing an objection that plaintiff is not the real party in interest." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, 1554 (2d ed. 2008).  However, courts have treated a pre answer objection that the plaintiff is not the real party in interest as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and the Court will so construe it here. *Id.*; *see Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006).

REPORT AND RECOMMENDATION - 2

Here, the governing substantive law is CERCLA, 42 U.S.C. §9601 et seq. Thus, the party authorized to seek unreimbursed costs under CERCLA is the real party in interest under Fed. R. Civ. P. 17. Section 115 of CERCLA states: "[T]he President is authorized to delegate and assign any duties or powers imposed upon or assigned to him...necessary to carry out the provisions of this subchapter." 42 U.S.C. 9615. By Executive Order, the President delegated responsibility for the conduct and control of all litigation arising under CERCLA to the Attorney General for the United States. Exec. Order No. 12580, 52 Fed. Reg. 2923, 2026 (Jan. 23, 1997).[3]

The Court finds that, contrary to Defendants' contentions, this suit was brought properly at the request of the Environmental Protection Agency by the Attorney General in the name of the United States of America. (Compl., Docket No. 1.)

Further, Defendants argue that "no ratification of commencement under oath or otherwise, has been put forth to the court or the alleged defendants," citing Fed. R. Civ. P. 17(a)(3) to support their argument. Defendants argument is misguided. Rule 17(a)(3) is applicable only where the real party in interest is not a party to the pending lawsuit. As discussed above, the United States of America is the real party in interest and has correctly brought the lawsuit against Defendants pursuant to the Federal Rules of Civil Procedure. Therefore, Fed. R. Civ. P. 17(a)(3) does not apply.

Based on the foregoing, Defendants' Objection to Complaint for Lack of Ratification (Docket No. 45) should be denied.

---

[3] Executive Order No. 12580 states in part: "Sec. 6. Litigation. (A) Notwithstanding any other provision of this Order, any representation pursuant to or under this Order in any judicial proceedings shall be by or through the Attorney General. The conduct and control of all litigation arising under the Act shall be the responsibility of the Attorney General."

REPORT AND RECOMMENDATION - 3

**B.  Defendants Other Pleadings**

Defendants filed their Verified Notice of Non Response and Motion to Dismiss for Failure to Ratify (Docket No. 48) based on the same arguments presented in their first Objection (Docket No. 45).  The Verified Notice indicates that dismissal of this action would be appropriate because the Plaintiff had yet to ratify the commencement in this action after objection pursuant to Fed. R. Civ. P. 17(a)(3).  As discussed above, Fed. R. Civ. P. 17(a)(3) is not applicable to the present action because the original action was properly brought by the United States of America as the real party in interest.  Therefore, for the same reasons discussed above with respect to Defendants' Objection, the Verified Notice (Docket No. 48) should be denied.

On June 23, 2009, Defendants filed a Motion to Dismiss based on Plaintiff's failure to respond to their Verified Notice of Non Response and Motion to Dismiss for Failure to Ratify (Docket No. 54).  Defendants are correct that, under Dist. Idaho Loc. R. 7.1, a failure to file responsive documents in a timely manner "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application."  However, the Court has discretion to determine whether a party's failure to respond justifies granting the motion.  Here, the Court finds that, because the Verified Notice of Non Response (Docket No. 48) was based on the same arguments as presented in the Defendants' First Objection to the Motion (Docket No. 45), to which Plaintiff responded fully, any response to the second motion would have been duplicative and unnecessary.  Additionally, as both motions are meritless as explained above, failure to respond does not justify dismissal of the case.  Therefore, the Court finds that Defendants' Motion to Dismiss based on Plaintiff's Failure to Respond (Docket No. 54) also should be denied.

## RECOMMENDATION

Based on the foregoing, the Court being fully advised in the premises, **IT IS HEREBY RECOMMENDED** that:

1.  Defendants' Objection to Complaint for Lack of Ratification of Commencement and Petition to Dismiss Pursuant to FRCP Rule 17(a), Real Party in Interest, With Affidavit in Support (Docket No. 45) be DENIED;

2.  Defendants' Verified Notice of Non Response and Motion to Dismiss for Failure to Ratify (Docket No. 48) be DENIED; and

3.  Defendants' Motion to Dismiss for Failure to Respond and Affidavit in Support (Docket No. 54) be DENIED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: July 7, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge