IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-282-S-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT AND |
| ) | RECOMMENDATION |
| CONLY HOBSON, et al, ) | |
| ) | |
| Defendants. ) | |

On December 1, 2009, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. Docket No. 77. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On December 9, 2009, Defendants filed a Response to the Report and Recommendation, Docket No. 79. The Court will deem this response as an objection. The Plaintiff filed a reply to the Defendants' response on December 18, 2009. The matter is now ripe for this Court's review.

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." Id. In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the Peretz Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Peretz, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See Ciapponi, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court

ORDER - Page 1

> was not required to engage in any more formal review of the plea proceeding."); see also Peretz, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

See also Wang v. Masaitis, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

## Factual Background

The United States filed this action pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U. S. C. §§ 9601-9675 (2009), for a determination of liability and the amount of response costs owed to the United States for their cleanup of the site containing hazardous substances located at 406 Main Street in Caldwell, Idaho (the "Site"). The Site is owned by the Defendants. The Defendants, Conly M. Hobson, D. George Hobson, David G. Hobson, Jeffry M. Hobson and Norman C. Hobson are sued personally and in their capacities as trustees for the Hobson Children's Trust and the Hobson Children's Trust is also named as a Defendant. The Defendants will collectively be referred to as the "Hobsons."

The factual background regarding the need for the clean up, the hazardous substance found at the site [perchloroethylene ("PCE")], the response costs incurred by the United States, and the Defendants failure to participate in the clean up of the property is set forth in the Report and Recommendation and is adopted by reference for purposes of this Order.

Judge Dale recommends granting summary judgment in favor of the United States on the issue of CERCLA liability and the amount of the response costs incurred to date of $1,176,001.00. Judge Dale further recommends a declaratory judgment that Defendants are liable for all further costs incurred by the United States related to the Site and that judgment *in rem* be entered against the real property located at 406 Main Street, Caldwell, Idaho.

## Discussion of Objections

In the response to the Report and Recommendation, the Hobsons continue to raise their meritless argument that they do not accept this offer and do not consent to the proceedings. The Hobsons have previously raised this same argument and it has been

ORDER - Page 2

rejected by the Court. This is not a breach of contract action so acceptance of an offer regarding the cleanup of the property is not an issue. Judge Dale's analysis of this argument is adopted by reference as this Court's response to the misguided beliefs of the Defendants.

Defendants also challenge the subject matter jurisdiction of the Court. CERCLA is a federal statute and this Court has jurisdiction to resolve the claims pursuant to this statute by the authority granted in 28 U. S. C. § 1331. The Defendants are proper defendants under the CERCLA statute as they are current owners of the Site. The Hobsons appear to believe if they keep making their frivolous arguments regarding consenting to the proceedings and jurisdiction, their liability will magically disappear. These meritless arguments are rejected and the Defendants are subject to the authority of this Court regardless of whether they accept or consent to the proceedings.

It is important to note that the Hobsons elected not to submit any evidence in response to the United States evidence regarding the issues of CERCLA liability and the response costs incurred by the United States to clean up the Site. Therefore, the Defendants may not, at this time, challenge the undisputed facts with mere assertions.

Defendants argue the application of CERCLA is a violation of the *ex post facto* provisions of the Constitution. This legal argument has been rejected by the courts interpreting and applying CERCLA. CERCLA is retroactive to activities that may have occurred prior to the enactment of the law. See, e.g., United States v. Alcan Aluminum corp., 315 F.3d 179, 188-90 (2d Cir. 2003); United States v. Dico, Inc., 266 F.3d 864, 879–80 (8th Cir. 2001); United States v. Olin Corp., 107 F.3d 1506 (11th Cir. 1997). This objection is denied.

Defendants next argue that they never had anything to do with the Site. It is undisputed that the Site was the location of a laundromat and dry cleaning facility known as Franke's Laundromat from the early 1960s until it was closed in March 2000. CERCLA liability extends to both past and present owners of the real property at issue even if such owners were not the parties that released the hazardous substances. See 42 U. S. C. § 9207(b); United States v. Monsanto Co., 858 F.2d 160, 168 94th Cir. 1988). It is undisputed in this case that the Hobsons are owners of the Site as equal tenants in common,

ORDER - Page 3

therefore, they are liable. To the extent the Hobsons are seeking contribution from former owners who are also "responsible parties" for the costs of clean up pursuant to 42 U. S. C. § 9613(f), that issue is not before the Court and would have to be addressed in a separate lawsuit. This objection is denied.

Finally, Defendants argue that there is no evidence that the "chemicals used by those operating [the laundromat] were unlike any typically used in similar businesses" and there is no "evidence that such chemicals were known or declared to be hazardous. . . ." The fact that other laundromats also used PCE is irrelevant to a determination of CERCLA liability. PCE is a hazardous substance as identified in 42 U. S. C. § 9601(14) and 40 C.F.R. pt. 302.4. The United States established that the highest concentration of PCE was closest to the northwest corner of the building on the Site that formerly housed a dry cleaning facility. The strict liability provisions of CERCLA allow for owners to be liable for actions that were considered "industry practice" but which have now been determined to be hazardous to the public health and the environment and "industry practice" is not a recognized defense to CERCLA liability. 42 U. S. C. § 9607. Moreover, it is undisputed that PCE found at the Site was determined to present an imminent and substantial danger to public health and the environment. This objection is denied.

## Conclusion

In applying the Fed. R. Civ. P. 56 summary judgment standard, the Court finds that no genuine issue of material fact exits and that summary judgment should be granted in the United States favor as a matter of law. Defendants have failed to present any evidence to counter the findings of their liability and the amount of response costs incurred to date in the amount of $1,176,001.00. Defendants' legal objections are without support under the Constitution or applicable federal statutes. Therefore, the United States is entitled to their requested relief.

## Order

**THEREFORE, IT IS HEREBY ORDERED** that the Report and Recommendation entered on December 1, 2009 (Docket No. 77) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motions for Summary Judgment on the Issue of Liability (Docket No. 67) and Response Costs (Docket No. 70) are GRANTED.

2. Defendants are ordered to pay costs in the amount of $1,176,001.00 plus prejudgment interest;

3. This Order shall serve as a Declaratory Judgment that Defendants are liable for all further costs incurred by the United States related to the Site; and

4. That Judgment *in rem* shall be entered against the real property located at 406 Main Street, Caldwell, Idaho.

**IT IS FURTHER ORDERED:**

That the United States shall provide the Court with a proposed Judgment consistent with this Order within ten (10) days.

DATED: **January 15, 2010**

Honorable Edward J. Lodge
U. S. District Judge