UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br><br>v.<br><br>CONLY HOBSON, et. al.<br><br>                Defendants. | Case No. 1:07-cv-00282-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Defendant Jeffry M. Hobson submitted a motion requesting a change of venue and the return of real property on behalf of himself and his other siblings, Defendants David G. Hobson, D. George Hobson, Conly Mike Hobson, and Norman C. Hobson. (Dkt. 101). The parties have briefed the motion and it is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). Since Defendants have not shown any strong

**REPORT AND RECOMMENDATION -1**

reason for transferring venue nor have they shown proof that the subject property has been seized, the Court will recommend that the motion be denied.[1]

## BACKGROUND

All of the Defendants resided in the State of Idaho when the matters described in the complaint occurred. (Dkt. 1 at 3). Defendants, through their family trust, Hobson Children's Trust, owned property physically located at 406 Main Street, in Caldwell, Idaho (the "Property"). (Dkt. 1 at 4). The Property operated as a laundromat and dry cleaning business, but closed in March 2000 and remained unoccupied. (Dkt. 1 at 4).

While Defendants owned the Property, perchloroethylene, or "PCE," a hazardous substance, was released into the Property's soil beginning in 1999. (Dkt. 1 at 4). The Government concluded the PCE posed a public health threat, and ordered Defendants to remediate the site. Defendants refused. (Dkt. 71).

In response, the Government began a removal action at the Property to excavate and remove the PCE and other hazardous substances from the Property in May 2004, finishing in July 2004. (Dkt. 71 at 6-7). It demolished the laundromat and dry cleaning building on the Property, but the land itself was not seized. (Dkt. 1 at 5). On June 26, 2007, the Government filed this action pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") to recover its cleanup costs. On January 15, 2010, the Court entered an order granting the Government's motion for summary judgment and awarding damages of $1,095,316,74, including prejudgment

---

[1] The Ninth Circuit specifically has stated that "change of venue" is a dispositive motion and that "the magistrate [judge] may prepare a memorandum and recommend an order, but the [district] judge must adjudicate the motion." *Campbell v. U.S. Dist. Court for N. Dist. of California*, 501 F.2d 196, 207 (9th Cir. 1974).

**REPORT AND RECOMMENDATION -2**

interest, that the Government incurred in the cleanup process. (Dkt. 83.) Final judgment was entered, and a Writ of Execution was granted to the Government, and the United States Marshal timely served a Notice of Levy on all Defendants. (Dkt. 86, 91.)

On January 27, 2013, Defendants moved the Court to transfer venue to the District of Utah, Jeffry Hobson's new place of residence.[2] (Dkt. 100.) The Government's response, timely filed on February, 14, 2013, contended that venue transfer was improper because "four of the five Defendants reside in Idaho." (Dkt. 101). It also relied on a decision by the United States Court of Appeals for the Ninth Circuit, *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000), that lists a number of factors [3] for the Court to weigh when considering whether to change venue.  It is the Government's position that a majority of the *Jones* factors weigh in its favor, warranting no change of venue. Additionally, the Government argues that its lien on the Property is enforceable, and Defendants have not properly claimed that any exemptions apply. Thus, there is no property to return.

## DISCUSSION

Under the Fair Debt Collection Practices Act ("FDCPA"), the Government maintains nationwide enforcement of debt collection against a debtor "regardless of where the person is served." 28 U.S.C. § 3004(b)(1)(A) and (B). A debtor may request a

---

[2] This Court construes Mr. Jeffry Hobson's letter as a motion to transfer venue.

[3] "(1) The location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000).

**REPORT AND RECOMMENDATION -3**

change of venue to the district in which he or she resides within twenty days of receiving notice that the government is taking the debtor's property for payment of a debt. 28 U.S.C. § 3004(b)(2). Section 28 U.S.C. §1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In a civil case, venue is proper where the defendant resides or where a substantial part of the events took place. 28 U.S.C. § 1391(e).

The Court may not "disturb the plaintiff's original choice of forum unless the private interest and the public interest factors strongly favor dismissal." (internal quotations omitted) *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1947)). There are seven factors the Court considers under the private interests prong:

> (1) the residence of the parties and witnesses, (2) the forum's convenience to the litigants, (3) access to physical evidence and other sources of proof, (4) whether unwilling witnesses can be compelled to testify, (5) the cost of bringing witnesses to trial, (6) the enforceability of the judgment, (7) any practical problems or other factors that contribute to an efficient resolution.

*Id.* at 1180 (citing *Gulf Oil,* 330 U.S. at 508).

The public interests prong has five additional factors:

> (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum.

*Id.* at 1181 (citing *Gulf Oil* 330 U.S. at 508-09).

**REPORT AND RECOMMENDATION -4**

In considering these factors, the Court should give "appropriate weight to each" in determining where most of the weight lies. *Id.* at 1180 (citing *Gulf Oil,* 330 U.S. at 508). The defendant bears the burden to establish a "'strong showing' of inconvenience to warrant upsetting [plaintiff's] choice of venue." *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676 F. Supp. 2d 1114, 1124 (D. Idaho 2009) (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986)).

According to the FDCPA, "all property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a). When a writ of execution is granted, "a lien shall be created in favor of the United States on all property levied on under a writ of execution." 28 U.S.C. § 3203(b).

## ANALYSIS

Although Government discussed the *Jones* factors in its brief, the Court does not consider them particularly pertinent given that judgment has been entered and the Government is seeking to collect the judgment amount by levying upon the Property to satisfy the judgment. At this juncture, Idaho has the most significant interest in enforcing the judgment entered by this Court, the Property is situated in Idaho, and a majority of the parties reside here. However, the Government raised the *Jones* factors in its briefing, and so the Court will consider them.

**REPORT AND RECOMMENDATION -5**

1.      **Forum Non Conveniens**

   A.     *Private Factors*

A majority of the private factors under *Gulf Oil* weigh in favor of the Government. All Defendants other than Jeffry Hobson reside in Idaho and the Property is located in Caldwell, Idaho. The excavation and removal that the Government initiated and completed also occurred at the Property's locale. This Court enforced a final judgment against the Defendants and granted relief to the Government. The judgment should be enforced by the Court in Idaho, given this Court entered the judgment and is most familiar with the case. A transfer to Utah at this time would increase the costs of litigation.

Defendants have not met their burden to establish venue should be transferred to Utah.

   B.     *Public Factors*

Similar to the private factors, the public factors weigh in favor of retaining the case in Idaho. Idaho has an interest in the case because the cause of action and all prior proceedings relating to this matter occurred in Idaho. Transferring venue to Utah could cause unnecessary congestion in that forum if there are further proceedings relating to enforcement of the judgment. It has taken over five years in Idaho alone to reach this point in the proceedings. There certainly is no prediction as to how much longer it would take an unfamiliar district to resolve this matter at this juncture. Idaho has a greater interest in resolving this matter, given it involved Idaho residents and Idaho real property.

Again, Defendant Jeffry Hobson has not established that venue should be changed.

**REPORT AND RECOMMENDATION -6**

**2.      Property Seizure**

Defendants request the Court to "return my property" as indicated on the Clerk's notice of exemption. But, as the Government points out in its response to Defendants' motion for change of venue, there has been no sale of the Property. The actual building that was used as a laundromat and dry cleaning business has been demolished, but the land itself is vacant and the hazardous waste removed.  Pursuant to 28 U.S.C. §3203, the Government obtained a Writ of Execution. The Court issued a Notice of Levy, and both the Writ and Notice were served upon the Defendants. [4] Defendants were provided with the form to claim exemptions and request a hearing. (Dkt. 90.)  Defendants did not file anything with the Court stating an applicable exemption that otherwise would reduce the costs and prejudgment interest owed to the Government, nor have Defendants requested a hearing. There is therefore nothing for the Court to adjudicate at this time.

## CONCLUSION

In conclusion, a majority of the *Gulf Oil* private and public factors heavily weigh in favor of the Government and its choice of venue. Defendants did not establish a strong showing of inconvenience outweighing the Government's choice of venue at this stage in the proceedings. Furthermore, the Government obtained a Writ of Execution and Notice of Levy and Defendants have not filed an exemption or requested a hearing.

Therefore, this Court recommends that the Defendants' motion for change of venue and return of real property be denied.

---

[4] Defendants Conly, David, and Norman Hobson were all personally served; Defendants George Hobson and Jeffry Hobson were served by mail and certified mail, respectively. (Dkt. 101 at 2).

**REPORT AND RECOMMENDATION -7**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)  Motion for for Change of Venue and Return of Property (Dkt. 100) be

   **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **August 05, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION -8**