UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>CONLY HOBSON, et al.,<br><br>                  Defendants. | Case No. 1:07-cv-00282-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is the United States of America's Motion for Order of Sale (Dkt. 104). Also before the Court is Defendants' unopposed Motion to Strike Plaintiff's Response to Correspondence with Declarations in Support. (Dkt. 109.) District Judge Lodge has referred all post-judgment matters to the undersigned. (Dkt. 113.) Accordingly, the Court enters this report, recommending that both motions be granted.[1]

The Government's motion requests the Court enter an order authorizing sale of certain real property that secures the judgment in this matter (the "Property"). More commonly known as 406 Main Street, Caldwell, Idaho, the Property is described as:

---

[1] In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d).

**REPORT AND RECOMMENDATION - 1**

Section 22: Township 4N, Range 3W, Boise Meridian, SW1/4 Caldwell Original Lots 1, 2, and 3, Block 1, Canyon County, ID.

Defendants, who appear in this action pro se, received notice that their response to the Government's motion was due on October 30, 2014. On October 22, 2014, Defendants filed a "Notice of Intent to Respond to the Motion to Sale," stating they would respond by October 27, 2014. (Dkt. 105.) Then, on October 27, Defendant Jeffrey Hobson filed a letter, requesting the Court "release the sanctions"—*i.e.*, the administrative offsets applied to Jeffrey's Social Security benefits under the Treasury Offset Program—resulting of the Judgment in this case. (Dkt. 106 at 2.) The Government filed a reply on November 12, 2014, and urged the Court to disregard Jeffrey's letter as irrelevant and order sale of the property.

On December 11, 2014, the Defendants, including Jeffrey Hobson, filed a Motion to Strike Plaintiff's Response to Correspondence with Declarations in Support. (Dkt. 109.) The motion requests the Court to strike Jeffrey's October 27 letter, as well as the Government's November 12 reply to the letter. Attached to the motion to strike are declarations from each defendant explaining that Jeffrey's October 27 letter was not intended as a response to the Government's motion for order of sale and that Jeffrey was not speaking on behalf of the other defendants. Jeffrey also filed an "Affidavit of Denial," affirming that his letter was not intended as response to the Government's motion (Dkt. 110.)

In a notice filed on January 21, 2015, the Government indicated that it does not oppose Defendants' motion to strike. (Dkt. 112.) In light of Defendants' declarations and

**REPORT AND RECOMMENDATION - 2**

there being no objection, the Court will recommend striking Jeffrey's October 27 letter and the Government's November 12 reply.

Given that Defendants have not responded to the Government's motion for sale, and the deadline for doing so is long past, the Court finds an order of sale is appropriate based on the following:

1. On February 3, 2010, the Court entered Final Judgment against Defendants in the amount of $1,368,569.85, pursuant to the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607. (Dkt. 86.) The Judgment is secured by the Property.

2. On September 6, 2012, the Court issued a writ of execution in favor of the United States (Dkt. 89), allowing the Government to foreclose the EPA Superfund lien recorded against the Property on November 5, 2004.

3. On September 10, 2012, a Clerk's Notice of Post Judgment Execution was sent to Defendants. (Dkt. 90.) The Notice included instructions for claiming an exemption under state and federal law, as well as a "Claim for Exemption and Request for Hearing Form."

4. On September 13, 2012, the U.S. Marshal levied upon the Property and filed a Notice of Levy with the Court. (Dkt. 91.) After several months, all of the Defendants were served with the Writ of Execution and the Notice of Levy.

5. On February 4, 2013, Defendant Jeffrey Hobson asked the Court to change venue and for return of the property. (Dkt. 100.) On August 27, 2013, the Court adopted the undersigned's Report and Recommendation in its entirety and denied the motion to

**REPORT AND RECOMMENDATION - 3**

change venue and return the property. (Dkt. 103.) The Court denied the motion, because "Defendants did not file anything with the Court stating an applicable exemption that otherwise would reduce the costs and prejudgment interest owed to the Government, nor have Defendants requested a hearing." (Dkt. 102 at 7.)

6. On October 6, 2014, the Government filed its Motion for Order of Sale (Dkt. 104). Again, Defendants have not responded to the motion or claimed that any exemption applies to the Property under state or federal law. The Property has been appraised and is ready for sale.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The Government's Motion for Order of Sale (Dkt. 104) be **GRANTED** and that the Government be authorized to sell the Property in the manner specified by 28 U.S.C. § 3203(g)(1), and to apply the proceeds of said sale, after all liens and costs of sale have been paid, to the Judgment in this action; and

2. Defendants' Motion to Strike Plaintiff's Response to Correspondence with Declarations in Support (Dkt. 109) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **January 28, 2015**

Honorable Candy W. Dale
United States Magistrate Judge